

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

**AUSTIN, TEXAS 78711**

December 15, 1969

Honorable R. W. Olson, Chairman
State Board of Registration for
 Professional Engineers
1400 Congress, Room 200
Austin, Texas 78701

Opinion No. M-539

Re: Application of
    Texas Professional
    Act to Professional
    Engineers

Dear Mr. Olson:

By your recent letter to this office you have
requested an opinion on the following questions, to-wit:

"(1)    After January 1, 1970, may a corporation
        be organized under 'The Texas Professional
        Corporation Act' for the sole and specific
        purpose of rendering Professional Engineer-
        ing service and services ancillary thereto?

"(2)    In view of the provisions of Section 5 of
        'The Texas Professional Corporation Act',
        must corporations heretofore organized
        under the Texas Business Corporation Act
        for the purpose of engaging in the practice
        of Professional Engineering comply with the
        requirements of 'The Texas Professional
        Corporation Act' after January 1, 1970?"

We answer both of your questions in the negative.

The 61st Legislature in its Regular Session, passed
"The Texas Professional Corporation Act", Senate Bill
Number 589, Chapter 779, Page 2304, which becomes effective
January 1, 1970.

Section 3 of the above Act sets forth a definition of
"Professional Service" and also defines a "Professional
Corporation". This Section reads as follows:

"Sec. 3, as used in this Act, unless the context
otherwise requires, the term:

-2575-

"(a)  'Professional Service means any type of personal service which requires as a condition precedent to the rendering of such service, the obtaining of a license, permit, certificate of registration or other legal authorization, and which prior to the passage of this Act and by reason of law, could not be performed by a corporation, including by way of example, and not in limitation of the generality of the foregoing provisions of this definition, the personal services rendered by architects, attorneys-at-law, certified public accountants, dentists, public accountants and veterinarians; provided, however, that physicians, surgeons and other doctors of medicine are specifically excluded from the operations of this Act, since there are established precedents allowing them to associate for the practice of medicine in joint stock companies.

"(b)  'Professional Corporation' means a corporation organized under this Act for the sole and specific purpose of rendering professional service and which has as its shareholders only individuals who themselves are duly licensed or otherwise duly authorized within this state to render the same professional service as the corporation." (Emphasis added)

We have emphasized the portions of the above quoted definitions which demonstrate that the Act does not apply to corporations which perform personal services which could be legally performed by a corporation prior to the passage of the Act.

Section 17, Article 3271a, Vernon's Civil Statutes, also known as the Engineering Registration Act, provides:

"A firm or copartnership or a corporation, or a joint stock association may engage in the practice of professional engineering in this state, provided such practice is carried on by only professional engineers registered in this state."

Attorney General's Opinion No. WW-884, 1960, construed Section 17 of Article 3271a together with the Texas Business Corporation Act. Such Opinion held that since no license is required of a corporation to "engage in the practice of professional engineering", a corporation could be legally

organized under the Texas Business Corporation Act for the purpose of performing engineering services, provided that the actual practice is carried on only by **registered** professional engineers.

It is elementary that any corporation must act through people. Under the reasoning of Opinion No. WW-884, a corporation could practice professional engineering, but the practice must be accomplished by and through a limited type of personnel, to-wit, professional engineers registered in this state.

It follows that prior to the enactment of the Texas Professional Corporation Act, a corporation could be legally organized under the Texas Business Corporation Act which could legally perform professional engineering services, even though the services could be rendered by the corporation only through certain qualified people.

Therefore, the Texas Professional Corporation Act does not apply to professional engineering services or to corporations which perform such services; and corporations which have the purpose of rendering such services cannot be organized under that Act. However, after January 1, 1970, it will still be permissible for such corporations to be incorporated under the Texas Business Corporation Act; and such corporations incorporated under the Texas Business Corporation Act, either before or after January 1, 1970, will not be affected by the Professional Corporation Act.

### S U M M A R Y

The Texas Professional Corporation Act, Senate Bill No. 589, Chapter 779, Page 2304, Acts 61st Legislature, Regular Session, does not apply to corporations organized for the purpose of performing professional engineering services. However, both before and after January 1, 1970, the effective date of the Texas Professional Corporation Act, such corporations can be legally organized under the Texas Business Corporation Act.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

Scott Garrison
Ralph Rash
Bill Allen
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant